IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GARY K. JONES, et al.                :

                                     :

     v.                              :   Civil Action No. DKC 13-3005

                                     :

THE BANK OF NEW YORK MELLON          :

                                     :

**MEMORANDUM OPINION**

Presently pending and ready for resolution in this action to quiet title are a motion to dismiss Plaintiffs' original complaint and a motion to strike or to dismiss the amended complaint, both filed by Defendant The Bank of New York Mellon ("Bank of New York").  (ECF Nos. 9 & 16).  The issues have been briefed, and the court now rules, no hearing being deemed necessary.  Local Rule 105.6.  For the following reasons, both motions will be granted.

**I.   Background**

**A. Factual Background**

Plaintiffs acquired real property at 12808 Marcia Place, Clinton, Maryland 20735 (the "Property") on December 5, 2001. (ECF No. 2 at 1).[1]  On April 13, 2006, Plaintiffs obtained a loan

---

[1] The following facts are either set forth in the complaint, supported by documents referenced or relied upon in the complaint, or are matters of public record of which the court is permitted to take judicial notice.  *Phillips v. LCI Int'l Inc.*, 190 F.3d 609, 618 (4th Cir. 1999) ("Although as a general rule

in the amount of $300,800.00 from Flexpoint Funding Corporation ("Flexpoint"), reflected in an Adjustable Rate Note (the "Note"). (ECF No. 9-2). Plaintiffs executed a Deed of Trust on April 13, 2006 to secure the Note, using the Property as collateral. (ECF Nos. 2-1 & 9-3). Although the loan originated with Flexpoint, the Note was sold or transferred multiple times. The Note contains multiple indorsements: (1) an indorsement from Flexpoint Funding Corporation to Decision One Mortgage Co., LLC (ECF No. 9-2, at 9); (2) a special indorsement from Decision One Mortgage Co., LLC to Countrywide Home Loans, Inc. (*id.* at 6); and (3) a blank indorsement from Countrywide Home Loans, Inc. (*id.*). Plaintiffs executed the Deed of Trust, dated April 13, 2006, which allows for "[t]he Note or a partial interest in the Note (together with this Security Instrument) [to] be sold one or more times *without prior notice to Borrower*." (ECF No. 9-3, at 11) (emphasis added). Although it is not evident from the complaint what role Defendant plays with respect to the Note, Flexpoint, the originating lender, transferred Plaintiffs' mortgage debt into a trust – Alternative Loan Trust 2006-OCS – over which Bank of New York is the trustee. (ECF No. 14, at 3).

---

extrinsic evidence should not be considered at the 12(b)(6) stage, we have held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'").

Although Plaintiffs' complaint is a far cry from a model of clarity, the thrust is that Defendant is not the holder in due course of the "authentic original unaltered [p]romissory [n]ote" and thus is not entitled to enforce the lien on the Property. (ECF No. 2, at 1).  Plaintiffs also contend that Defendant must produce the original promissory note and Deed of Trust with a wet ink signature to establish its right to enforce the mortgage.  (*Id.* at 2).  Finally, Plaintiffs allege that Defendant committed violations at the inception of the note and Deed of Trust by permitting a thirty-year mortgage.  (*Id.*).

**B. Procedural Background**

Plaintiffs Gary and Doris Jones commenced this action on August 8, 2013, by filing a *pro se* complaint against Defendant in the Circuit Court for Prince George's County, Maryland.  (ECF No. 2).  Defendant removed the action to this court on October 11, 2013.  (ECF No. 1).  Defendant moved to dismiss on October 18, 2013.  (ECF No. 9).  Plaintiffs opposed the motion on October 31, 2013, and later submitted an amended opposition on February 24, 2014, attaching a mortgage forensic securitization report concerning the securitization of Plaintiffs' mortgage. (ECF Nos. 11 & 13).  Defendant replied on March 10, 2014.  (ECF No. 14).  Plaintiffs then filed what appears to be an amended complaint to quiet title, again attaching the mortgage forensic securitization report.  (ECF No. 15).  Defendant moved to strike

or to dismiss Plaintiffs' amended complaint (ECF No. 16), and Plaintiffs opposed the motion (ECF No. 17).

## II. Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted).

At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and all factual allegations must be construed in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (*citing Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). In evaluating the complaint, unsupported legal allegations need not be accepted. *Revene v. Charles Cnty.*

*Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989).   Legal conclusions couched as factual allegations are insufficient, *Iqbal*, 556 U.S. at 678, as are conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

## III. Analysis

Plaintiffs filed an amended complaint after Defendant's motion to dismiss was fully brief.   In the motion to strike or dismiss the amended complaint, Defendant urges the court to disregard the new allegations in the amended complaint, as Plaintiffs have not complied with Federal Rule of Civil Procedure 15 in seeking Defendant's written consent or the court's leave to file the amended complaint.   Defendant also argues that none of the new allegations in the amended complaint support an action to quiet title, thus amendment would be futile.   Defendant is correct to point out Plaintiffs' belated filing of the amended complaint, but certain allowance should be made considering Plaintiffs' *pro se* status.   *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.").   The new allegations in Plaintiffs' amended complaint will be considered to determine whether Plaintiffs should be granted leave to amend

their complaint if the complaint is otherwise subject to dismissal.

## A. Plaintiffs' Original Complaint

Plaintiffs seek to quiet title and assert multiple arguments to support their contention that any lien on the Property is invalid.   Under Md. Code Ann., Real Prop. § 14-108(a), a person in "actual peaceable possession of property" may sue to quiet title when "his title to the property is denied or disrupted, or when any other person claims . . . to own the property . . . or to hold any lien encumbrance on it."   In Maryland:

> [a] quiet title action is a suit in which a plaintiff seeks a decree that some allegedly adverse interest in his property is actually defective, invalid or ineffective prior to and at the time suit is brought either because the lien was invalidly created, or has become invalid or has been satisfied.

*Kasdon v. G.W. Zierden Landscaping, Inc.*, 541 F.Supp. 991, 995 (D.Md. 1982).   To state a successful quiet title action, the plaintiff must show his claim to title and sufficiently allege an invalid or defective adverse interest.   *Hood v. Aurora Loan Servs.*, Civil Action No. CCB-10-11, 2010 WL 2696755, at *5 (D.Md. July 6, 2010).   "In a quiet title action, [] the plaintiff, and not the defendant, must prove possession and a legal claim to title before the burden is shifted to defendant

to establish superior title." *Porter v. Shaffer*, 126 Md. App. 237, 274 (1999).

Plaintiffs are unable to show legal title to the Property considering that they have not fully satisfied the amount due under the Note.  Plaintiffs contest the validity of the Note in Defendant's possession, but the April 13, 2006 Deed of Trust continues to encumber the property.  Indeed, paragraph 23 of the Deed of Trust states that the Lender or Trustee "shall release this Security Instrument and mark the Note 'paid' and return the Note to Borrower" upon payment of all sums secured by the Note. (ECF No. 9-3, at 13).  Plaintiffs do not allege that they have met their contractual obligations and paid in full the remainder of the mortgage.  *See, e.g., Anand v. Ocwen Loan Servicing, LLC*, --- F.3d ----, 2014 WL 2535405, at *3 (4th Cir. 2014) (affirming dismissal of action to quiet title where the property was encumbered by a Deed of Trust; "a plaintiff's ownership of legal title is a prerequisite to bringing a quiet title claim.  Where, as here, a property is encumbered by a deed of trust and its release is conditioned on a party's performance under a note, determining who holds title to the property necessarily involves determining whether the party has performed under the note."); *Harris v. Household Finance Corp.*, Civil Case No. RWT 14-606, 2014 WL 3571981, at *2 (D.Md. July 18, 2014) ("Where, as here, the Plaintiffs have conveyed their property through the medium

of a deed of trust to trustees securing repayment of a loan, they no longer have a claim to legal title to the property and a quiet title action is not appropriate."). Defendant points out that "[b]y virtue of the Deed of Trust, Plaintiffs transferred the legal title to the trustee of the Deed of Trust" pending satisfaction of the debt. (ECF No. 9-1, at 14). Accordingly, because a legitimate lien encumbers the property at issue here, Plaintiffs cannot show that they own legal title to the Property and their action to quiet title cannot survive dismissal.

The additional arguments on which Plaintiffs rely to challenge the enforceability of the loan documents are unavailing and do not support a cognizable cause of action. First, Plaintiffs contend that Defendant is not the holder in due course of the original Note and there has been no valid assignment of the Deed of Trust recorded in the land records of Prince George's County. Plaintiffs' argument is without merit for multiple reasons. Paragraph twenty of the Deed of Trust expressly granted Flexpoint – the originating lender – the ability to transfer the right to the Note and the security instrument one or more times without prior notice to the borrower. (ECF No. 9-3, at 11-12). Whether Defendant is able to enforce the Note depends upon whether the negotiable instrument was transferred or negotiated. *Id.* Md. Code Ann., Com. Law § 3-201 states:

> (a) "Negotiation" means a transfer of possession, whether voluntary or involuntary, of an instrument by a person other than the issuer to a person who thereby becomes its holder.
>
> (b) Except for negotiation by a remitter, if an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. If an instrument is payable to bearer, it may be negotiated by transfer of possession alone.

Subsection (b) provides that an instrument indorsed-in-blank or payable to the bearer is enforceable by possession alone because possession signifies the negotiation.  The note reflects three indorsements, including a blank endorsement from Countrywide Home Loans, Inc.  (ECF No. 9-2, at 9).  Defendant negotiated the note and received an indorsed-in-blank note.  *Johnson v. Prosperity Mortg. Corp.*, Civil Action No. 11-cv-02532-AW, 2011 WL 5513231, at *3 (D.Md. Nov. 3, 2011) ("[w]hen indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); *Horvath v. Bank of New York, N.A.*, 641 F.3d 617, 621 (4th Cir. 2011) (analyzing similar Virginia statutes and holding that "[n]egotiable instruments like mortgage notes that are endorsed in blank may be freely transferred. . . . Whoever possessed an instrument endorsed in blank has full power to enforce it.").  Accordingly, Plaintiffs' challenge to

Defendant's right to enforce the Note as a holder in due course is meritless.

Next, Plaintiffs argue that Defendant committed origination violations by permitting a thirty-year loan. (ECF No. 2, at 2). Plaintiffs' own complaint alleges that *Flexpoint*, and not Defendant, originated the loan. Maryland specifically excludes assignees from liability for the original lender's actions. *Brown v. Bank of Am., N.A.*, No. AW-10-cv-1661, 2012 WL 380145, at *4 (D. Md. Feb. 3, 2012). Furthermore, despite Plaintiffs' contention, there is no indication that a thirty-year mortgage is impermissible. Plaintiffs also believe that unless Defendant can produce the original note for the record, it has no authority to enforce the note. This argument, which is often referred to as the "show me the note" theory, is equally unhelpful to Plaintiffs. As previously stated, Defendant's rights extend from a security instrument indorsed-in-blank. Under Maryland law, Defendant is not required to present the original "wet-ink" Note to Plaintiffs in order to enforce the Note.[2] *See, e.g., Harris*, 2014 WL 3571981, at *2 ("there is no

---

[2] To the extent Plaintiffs also allege a violation of the Fair Debt Collection Practices Act ("FDCPA") in their complaint, they fail to state a claim. Plaintiffs do not allege anywhere that Defendant is a debt collector as defined under the FDCPA. The Bank of New York is a creditor in this case. "[T]he law is well-settled [] that creditors, mortgagors, and mortgage servicing companies are not debt collectors and are statutorily exempt from liability under the FDCPA." *Flores v. Deutsche Bank*

recognizable claim to demand in an action brought by a borrower that the lender produce 'wet ink' signature documents."). Based on the foregoing, the original complaint will be dismissed.

### B. Amended Complaint

Defendant argues that none of the new facts in the amended opposition and the amended complaint state a cognizable claim. Plaintiffs include as an attachment to the amended complaint a "Mortgage Forensic Securitization Report," which they believe shows that the "Alternative Loan Trust 2006-OCS was dissolved in 2008 and the Bank of NY as Trustee was terminated as party of the AIG Bailout." (ECF No. 15, at 1-2). Any argument challenging the securitization is unavailing because Maryland courts have continually recognized the propriety of securitization of mortgage loans. *Harris*, 2014 WL 3571981, at *2 ("it is clear that the securitization process does not make negotiable instruments and deeds of trust unenforceable. This Court and others in the Fourth Circuit have consistently so held."); *Suss v. JP Morgan Chase Bank, N.A.*, CIV.A-WMN-09-1627, 2010 WL 2733097, at *5 (D. Md. July 9, 2010) ("The various arguments that Plaintiff advances to support his theory that the securitization rendered the Note unenforceable are also without legal support."). To the extent Plaintiffs challenge the

_____

*Nat. Trust, Co.*, Civil Action No. DKC 10-0217, 2010 WL 2719849, at *6 (D.Md. July 7, 2010). Moreover, the invalidation of a mortgage is not among the remedies afforded by the FDCPA.

pooling and servicing agreement ("PSA") that created the securitized trust of which Defendant is a trustee, this argument has no relevance to an action to quiet title.[3]

Finally, Plaintiffs assert that Bank of America committed fraud by attempting to induce Plaintiffs into signing documents in January 2013 that purposefully misrepresented that Plaintiffs purchased their home directly from Bank of America. (ECF No. 15, at 2). Plaintiffs append to their amended complaint a fax cover sheet, dated February 1, 2013 with a copy of an unsigned deed of trust. (ECF No. 15-2). Bank of America is not a party to this action, however. Accordingly, this argument has no relevance to Plaintiffs' action to quiet title against Bank of New York.[4]

Plaintiffs have not stated a claim to quiet title or proffered any other cognizable claim. Consequently, Defendant's motions will be granted.

---

[3] "The Pooling and Servicing agreement generally establishes the two entities – a trustee and a servicer – that are responsible for maintaining the trust into which a mortgage is bundled and sold during the securitization process." *Lomp v. Y.S. Mortg. Finance Corp.*, Civil Action No. WMN-13-1099, 2013 WL 6528909, at *1 n.2 (D.Md. Dec. 11, 2013). Here, the trust is the Certificateholders of the CWALT, Inc. Alternative Loan Trust 2006-OCS Mortgage Pass-Through Certificates, Series 2006-OC5, for which the Bank of New York is the Trustee.

[4] In any event, Plaintiffs fail to show how they relied on any purported misrepresentations by Bank of America, considering that Plaintiffs have not actually signed the Deed of Trust that Bank of America allegedly presented to them. (*See* ECF No. 15-2).

## IV.  Conclusion

For the foregoing reasons, Defendant's motion to dismiss will be granted.  Defendant's motion to strike or dismiss the amended complaint will also be granted.  A separate order will follow.


                                                 _____/s/_____
DEBORAH K. CHASANOW
United States District Judge